**United States Bankruptcy Court**
**District of Massachusetts**

# CHAPTER 13 PLAN

Filing Date: March 3, 2011                                   Docket #: 11-10678-JNF

Debtor: Mysang Tran
Address: 332 Maple Street
Lynn, MA 01904

Debtor's Counsel:

The Law Office of Mark W. Miller
11 Beacon Street, #1100
Boston, MA 02108
(617) 248-0530

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**United States Bankruptcy Court**
**District of Massachusetts**

# CHAPTER 13 PLAN

Docket#: **11-10678**

DEBTORS: (H) **Tran, Mysang V.**     SS# **5613**
          (W)     SS#

TERM OF THE PLAN **60** Months.
(If the plan is longer than thirty-six (36) months and debtor's plan is governed by 11 U.S.C § 1322 (d)(2), a statement of cause under must be attached hereto.)

PLAN PAYMENT: Debtor(s) to pay monthly: $ **507.00**.

I. **SECURED CLAIMS:**

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **GMAC Mortgage** | **Pre-petition mortgage arrears** | **$24,000.00** |
| **City of Lynn** | **Real Estate taxes** | **$912.91** |
| | Total of secured claims to be paid through the Plan: $ | 24,912.91 |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **GMAC Mortgage** | Post-petition mortgage |

II. **PRIORITY CLAIMS:**

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | | |

B. All Other Priority Creditors:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Internal Revenue Service** | **2008 Income taxes** | **1739.00** |
| | Total of Priority Claims to Be Paid Through the Plan: $ | 1739.00 |

III. **ADMINISTRATIVE CLAIMS:**

A. Attorneys fees (to be paid through the Plan): $ **0.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

IV. **UNSECURED CLAIMS:**

The general unsecured creditors shall receive a dividend of **1.00**% of their claims.

A. General unsecured claims:     $ **71,993.64**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

**Total of A + B + C unsecured claims:** $ __71,993.64__

D. **Multiply total by percentage:** $ __719.93__.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

D. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

**Total amount of separately classified claims payable at 100%:** $ __0.00__

V. **OTHER PROVISIONS**:

A. Liquidation of assets to be used to fund Plan:

B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

C. Assumption/Rejection of Leases:

D. Miscellaneous provisions:

1. Exempt property vests in the debtor upon confirmation. *Owen v. Owen*, 500 U.S. 305 (1991).
2. The amounts listed in the Plan as payment to any and all creditors are binding in the absence of a duly filed objection to confirmation of the Plan. *In re Greene-Jackson*, Bankr. D. Mass., 00-14423-JNF.
3. The debtor may duly file objections to proofs of claim.
4. Creditors whose claims are being paid outside the Plan must submit monthly statements to the debtor.
5. Post-petition home mortgage payments paid by the debtor towards his first mortgage shall be applied and credited to debtor's mortgage account without penalty as though the account were current and no pre-petition default existed on the petition date and in the order of priority specified in the note and security agreement and applicable law.
6. Mortgagees and servicers shall advise debtor and his counsel of any details regarding mortgage payment adjustments and escrow shortages or surpluses in accordance with applicable law.
7. The debtor hereby certifies under 11 U.S.C. Sec. 1322(d) that cause exists to extend his plan for a period of 60 months, as after review his monthly net income is insufficient to fund a 36 month plan that pays his creditors 1% of the value of their claims as proposed in the present plan.

**CALCULATION OF PLAN PAYMENT:**

| | |
|---|---|
| **a. Secured claims (Section I-A Total):** | $ 24,912.91 |
| **b. Priority claims (Section II-A & B Total):** | $ 1739.00 |
| **c. Administrative claims (Section III A & B Total):** | $ 0.00 |
| **d. Regular unsecured claims (Section IV – D Total):** | $ 719.93 |
| **e. Separately classified unsecured claims (Section IV – E Total):** | $ 0.00 |
| **f. Total of a + b + c + d + e above:** | $ 27,371.84 |
| **g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan:** | $ 30,413.15 |

(This represents the total amount to be paid into the Chapter 13 Plan)
**h. Divide (g) Cost of Plan by Term of Plan: 60 months**
**i. Round up to nearest dollar: Monthly Plan Payment:** $ 507.00
(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty ( 30 ) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

**LIQUIDATION ANALYSIS**

I. Real Estate:

| List Each Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **332 Maple Street, Lynn, MA** | **206,450.00** | **266,354.19** |

| | | |
|---|---|---|
| Total Net Equity for Real Property: | $ | 0.00 |
| Less Total Exemptions (Schedule C): | $ | 0.00 |
| Available Chapter 7: | $ | 0.00 |

II. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **1995 Jeep Cherokee** | **3,000.00** | **0.00** | **3,000.00** |

| | | |
|---|---|---|
| Total Net Equity: | $ | 3,000.00 |
| Less Total Exemptions (Schedule C): | $ | 3,000.00 |
| Available Chapter 7: | $ | 0.00 |

III. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

| | | |
|---|---|---|
| Total Net Value: | $ | 42,713.30 |
| Less Exemptions (Schedule C): | $ | 42,713.30 |
| Available Chapter 7: | $ | 0.00 |

**SUMMARY (Total amount available under Chapter 7):**

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions: $ **0.00**.
Additional Comments regarding Liquidation Analysis:

**Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.**

| | |
|---|---|
| */s/ Mark W. Miller* | **March 3, 2011** |
| Debtor's Counsel | Date |

Counsel's Address:

**The Law Office of Mark W. Miller
11 Beacon Street, #1100
Boston, MA  02108**

Tel. # **617 248-0530**          Email Address: **mmillerlaw@verizon.net**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

| | |
|---|---|
| */s/ Mysang V. Tran* | **March 3, 2011** |
| Debtor | Date |